UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GERARDO SANCHEZ,

                              Appellant,

          -against-

JAMES GAINFORT AIA CONSULTING
ARCHITECTS PC.

                              Appellee.
---------------------------------------------------------------- x

MEMORANDUM AND ORDER

19-CV-2124 (ENV)

VITALIANO, D.J.

       On September 21, 2018 debtor Polonia Development and Preservation Services ("Polonia") filed a motion for Chapter 11 relief in the Bankruptcy Court for the Eastern District of New York. On January 22, 2019 appellant Gerardo Sanchez, a principal of Polonia, but also a debtor in the Chapter 11 proceeding, sought mandamus relief in the bankruptcy court regarding certain requisitions that were rescinded by appellee James Gainfort AIA Consulting Architect related to a Polonia construction project. On March 26, 2019, United States Bankruptcy Judge Elizabeth Stong marked off Sanchez's "mandamus" motion without prejudice and with leave to re-file. Her order, further, directed Sanchez to confer with Polonia's counsel regarding a potential conflict of interest. Dkt. 13-5 at 3. Sanchez filed the instant appeal on April 11, 2019. For the following reasons, the appeal is dismissed for lack of jurisdiction and leave to appeal is denied.

## Background

       As relevant to this appeal, Sanchez is a principal of debtor Polonia, who was the general contractor for a renovation project for which Gainfort was engaged to perform some

management services. The owner of the property under renovation, Henry Street Settlement, contracted with Gainfort, and Henry Street is a creditor in the Chapter 11 proceeding but not a party to this appeal. Appellee Gainfort, not a creditor, was responsible for the approval of payment by Henry Street for construction work performed under its contract with Polonia. After the Chapter 11 proceeding began Gainfort rescinded its approval for two payment requisitions for sub-contractors of Polonia for work connected to the renovation project. These requisitions are the subject of Sanchez's mandamus motion. *See* Dkt. 6.

At an appearance on March 26, 2019, Judge Stong expressed her concern about a potential conflict of interest between Sanchez, principal to debtor Polonia, and his own interests. Dkt. 5 at 17. She instructed Sanchez to discuss any potential conflict with Polonia's counsel, and marked off his motion without prejudice, with leave to renew following discussion about her conflict concerns with Polonia's counsel. *Id.* The bankruptcy court did not issue a ruling on the motion on the record, nor did Judge Stong make any findings regarding the relief sought in connection with the rescinded requisitions. *Id.* In any event, pertinent here, Sanchez appears to have made no attempt, much less actually refiled his mandamus motion in the bankruptcy court, despite having been given conditional leave to do so. This appeal ensued.

<u>Standard of Review</u>

"[U]nder 28 U.S.C. § 158(a)(1), a district court has jurisdiction to hear appeals only from 'final judgments, orders, and decrees ... and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges.'" *Long Island Pine Barrens Soc., Inc. v. Sandy Hills, LLC*, No. 14-CV-4678 JS, 2015 WL 1275790, at *1 (E.D.N.Y. Mar. 18, 2015) (quoting 28 U.S.C. § 158).

Interlocutory relief, is, of course, not entirely foreclosed. Pursuant to 28 U.S.C. §

2

158(a)(3) and Rule 8004(b) of the Federal Rules of Bankruptcy Procedure, a party that wishes to appeal an interlocutory order first must obtain leave of the court to do so. *In re Cutter*, No. 05-CV-5527, 2006 WL 2482674, at *3 (E.D.N.Y. Aug. 29, 2006). Leave is sought by filing a notice of appeal and by moving for leave to appeal pursuant to Rule 8004. Should a party timely file its notice of appeal but fail to move for leave to appeal, as is the case, here, the court may (1) grant leave to appeal; (2) direct that a motion for leave to appeal be filed; or (3) deny leave to appeal but in so doing consider the notice of appeal as a motion for leave to appeal. Fed. R. Bankr. P. 8004. Furthermore, a *pro se* "document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). With solicitude, therefore, the Court treats Sanchez's notice of appeal as a motion for leave to appeal from the bankruptcy court's interlocutory orders.

## Discussion

Headed straight for the jugular, appellee Gainfort argues that the Court lacks jurisdiction to hear Sanchez's appeal because Judge Stong's action in "marking off" his motion was not a final order nor was it even an appealable interlocutory order for which the Court could grant leave to appeal pursuant to 28 U.S.C. § 158(a)(3). There can be little doubt about appellee's first contention. However it might be characterized, it is clear from the record that the open-court colloquy during the March 26, 2019 appearance does not constitute a final order. While "a more flexible standard of finality has emerged in the context of bankruptcy proceedings," *In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995), it is not malleable to a litigant's whim. More to the point, "for a bankruptcy court order to be final…the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Integrated Res., Inc.*, 3 F.3d 49, 53

3

(2d Cir. 1993).

By definition, a motion "marked off" the calendar with leave to re-file and without prejudice cannot be a final order that "completely resolve[s] all of the issues pertaining to a discrete claim." *Id.* Judge Stong did not resolve any, much less all, of the issues relating to the disputed requisitions. She explained: "I think it is in the best interest of this case, and even in the interests identified in the motion, to mark it off without prejudice, meaning that the debtor, you as the debtor's principal can confer with counsel and figure out how to address the concerns that led you to make that filing, all right?" Dkt. 5 at 17 (Transcript of March 26, 2019 proceedings); *see also* Dkt. 4 at 20-21 (Transcript of January 31, 3019 proceedings). Appellant pressed the Court, saying: "[y]our Honor, I disagree, I need a ruling from the Court." *Id.* In response, Judge Stong replied "[a]ll right, well, unfortunately, because of the conflicted role I then will conclude that it is appropriate to mark it off without prejudice subject to whatever may be filed in the future, okay?" *Id.* There is no indication that this was a final order, even under the more liberal standards in a bankruptcy proceeding, and as such, this Court does not have jurisdiction to hear the appeal under 28 U.S.C. § 158(a)(1). Similarly, as appellee contends, Judge Stong's ruling was not an interlocutory order or decision with relief potentially available under § 158(a)(2).

All that remains open to Sanchez is relief available purely by permission under § 158(a)(3). Interlocutory appeals, though, are "strongly disfavored in federal practice," *In re Adelphia Communications Corp.*, No. 07-CV-9999, 2008 WL 361082, at *1 (S.D.N.Y. Feb. 11, 2008), and a district court's "decision to deny leave to appeal an interlocutory bankruptcy order is purely discretionary," *In re M & S Grading, Inc.*, 526 F.3d 363, 371 (8th Cir. 2008); *see In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) . In determining whether leave to appeal should be granted, most district courts in the Second Circuit have looked to the statutory standard, set forth

4

in 28 U.S.C. § 1292(b), governing interlocutory appeals from district court orders to the Court of Appeals. *See, e.g., Cutter*, 2006 WL 2482674, at *4; *In re Quigley*, 323 B.R. 70, 77 (S.D.N.Y. 2005) (citing *Kassover*, 343 F.3d 91). Under this standard, Sanchez must establish that the order from which he seeks to appeal (1) involve a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the orders may materially advance the ultimate termination of the litigation. *Cutter*, 2006 WL 2482674, at *4; 28 U.S.C. § 1292(b). Moreover, Sanchez "has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment," *In re Enron Corp.*, No. M-47, 2008 WL 281972, at *3 (S.D.N.Y. Jan. 25, 2008) (quoting *In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (S.D.N.Y. Jun 30, 2003)); *McKenzie-Gilyard v. HSBC Bank Nevada, N.A.*, No. 08-CV-160, 2008 WL 2622931, at *2 (E.D.N.Y. July 1, 2008); *see generally In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

On this framework, the interlocutory appeal Sanchez seeks is not warranted. First, the bankruptcy court's action did not involve a controlling question of law. The court's action was not a final decision, nor did it involve "'pure question[s] of law' that this Court can 'decide quickly and cleanly without having to study the record.'" *McKenzie-Gilyard*, 2008 WL 2622931, at *3 (quoting *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 74 (S.D.N.Y.2007)). Quite the opposite, Judge Stong found that she could *not* rule because there were potential conflicts of interest to be discussed and developed between the parties before the bankruptcy court could address Sanchez's request for relief. In such circumstances, nothing is ripe for appellate review. *See Tufo's Wholesale Dairy, Inc. v. CNA Fin. Corp.*, No. 03-CV-10175, 2005 WL 3311997, at *4-5 (S.D.N.Y. Dec. 5, 2005). Beside that, the Court finds no substantial

5

ground for a difference of opinion. *See Morris v. Flaig*, 511 F. Supp. 2d 282, 318 (E.D.N.Y. 2007) (mere claim that a court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion) (internal citation omitted); *see also Flor*, 79 F.3d at 284 ("presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"). Finally, the Court can identify no exceptional circumstances that warrant a departure from the general rule postponing appellate review until after entry of a decision and judgment.

## Conclusion

For the reasons set forth above, the appellee's motion to dismiss is granted in its entirety. Appellant's motion seeking leave to appeal to this Court is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       January 15, 2020

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge